## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEEM ALBERT-WALKER BORDEN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3654** |
| | : | |
| **WILLIAM GREEN,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

Alleem Albert-Walker Borden, a pretrial detainee housed at the George W. Hill Correctional Facility ("GWHCF"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from his arrest and prosecution on assault and related firearm charges. For the following reasons, I will grant Mr. Borden leave to proceed *in forma pauperis* and dismiss with prejudice his claims against the Upper Darby Township Police Department. I will dismiss his malicious prosecution claim and his request to be released from custody without prejudice. To the extent Mr. Borden asserts additional Section 1983 claims, I will stay those claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), with the exception of his excessive force claims against William Green and Phillip Lydon.

I.      **FACTUAL ALLEGATIONS**[1]

On September 7, 2021, in Upper Darby, Pennsylvania, Mr. Borden was on duty as a security guard at the Fresh Grocer on Marshall Road. He alleges that he interceded in a fight between an employee and a customer. During the fight, the employee disarmed the customer and then threatened Mr. Borden with the firearm. Mr. Borden then disarmed the employee and removed the firearm from the scene, throwing it into a nearby trash can in an alley. Mr. Borden then returned to the scene of the fight.

Shortly thereafter, a police lieutenant in a white shirt asked Mr. Borden where the firearm was, and Borden led him to the trash can where he had placed it. Mr. Borden asked the lieutenant if he was under arrest. The lieutenant told him that he was not. Mr. Borden began walking back to his security post, at which point Officer Green tackled him, forced him to the ground, and repeatedly punched him in the back of the head while six other unnamed officers held him down and laughed. The unnamed officers simultaneously used their tasers on him, causing his body to jerk. Lt. Lydon put his knee on Mr. Borden's neck while he tased Mr. Borden's right thigh. Mr. Borden told Lt. Lydon

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Borden's Complaint and from the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

that he could not breathe. The officers continued to take advantage of the fact that Mr. Borden, was handcuffed behind his back and face down on the ground by this point.

According to Mr. Borden, there were several witnesses to the incident, including an individual identified as Amanda Shepard who Mr. Borden alleges screamed at "her fellow officers" to stop punching and tasing Borden. (Compl. at 4.) All this occurred even though Mr. Borden's manager provided Lt. Lydon with video of the fight in which Mr. Borden, so Lt. Lydon knew that the gun did not belong to Mr. Borden. Mr. Borden alleges that Lt. Lydon lied on the stand at Borden's preliminary hearing.

Mr. Borden alleges that he suffered physical and psychological injuries. He asserts an excessive force claim. He also asserts that he was falsely accused of the charges lodged against him. As relief, he seeks release from prison, dismissal of the charges against him, and an award of money damages.

Review of the publicly available docket reveals that Mr. Borden is currently awaiting trial on charges including simple and aggravated assault, resisting arrest, possession of a firearm, and tampering with and/or fabricating evidence. *Commonwealth v. Borden*, CP-23-CR-2675-2022 (C.P. Delaware).

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in*

*forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Mr. Borden is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Borden has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, I will grant him leave to proceed *in forma pauperis*.  However, because Mr. Borden is a prisoner, he will still have to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

**B.      Plausibility Of Claims**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

**1.      Claims against the Upper Darby Township Police Department**

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *See Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) Therefore, the Upper Darby Township Police Department is not a proper defendant in this case. I will dismiss the claims against it with prejudice.

**2.      Claims seeking release from prison and dismissal of criminal charges**

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); Because this is an improper way for Mr. Borden to seek relief, I will dismiss this claim without prejudice to Mr. Borden filing a *habeas* petition seeking this relief, if he has a basis to do so.

### 3.    Malicious prosecution claims

To allege a plausible malicious prosecution claim under section 1983, a plaintiff must asserts facts that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Mr. Borden's claim is not plausible because he has not alleged that the criminal proceedings have terminated in his favor. I will dismiss the malicious prosecution claim without prejudice so that Mr. Borden can bring a new claim if if the charges terminate in his favor. In other words, in the event the criminal proceedings are resolved in his favor, Mr. Borden may file a new case raising this claim.

### 4.    Other arrest- and prosecution-related claims

To the extent that Mr. Borden seeks to pursue other claims arising from his arrest or prosecution (and it's not clear if he does), he can't do so right now. In *Younger*, 401

U.S. 37, the Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). The elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

*Younger* abstention is appropriate in this case. First, the publicly available docket from the Court of Common Pleas of Delaware County shows that criminal proceedings are pending against Mr. Borden. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Mr. Borden an adequate opportunity to argue in the state forum that the alleged misconduct by members of the Upper Darby Police Department resulted in his arrest and prosecution in a manner that violated his constitutional rights. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)). Nothing in the Complaint to indicate that any additional claims Borden might

seek to pursue fall within any of the narrow exceptions to the *Younger* doctrine. Accordingly, it is appropriate to abstain from entertaining any further claims out of deference to the state judicial process.

### 5.      Excessive force claims

Courts analyze excessive force claims arising in the context of an arrest as invoking Fourth Amendment's protections, and they analyze a defendant's conduct under an objective reasonableness standard. *See Graham v. Connor,* 490 U.S. 386, 394 (1989). The "reasonableness of the officer's use of force is measured by 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633-34 (3d Cir. 1995). The reasonableness inquiry is objective but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving." *Id.* at 397.

Mr. Borden alleges that Ofc. Green and Lt. Lydon used an unreasonable amount of force against him, including knocking him down, punching him, and tasing him while he was handcuffed and lying on the ground, causing physical injuries. Those allegations state a plausible claim for excessive force. I will permit Mr. Borden to pursue those claims.

8

**IV.     CONCLUSION**

I will grant Mr. Borden leave to proceed *in forma pauperis*, dismiss with prejudice the claim against the Upper Darby Township Police Department, dismiss without prejudice Mr. Borden's malicious prosecution claim and his request for release from custody and dismissal of the criminal charges against him, stay any other Section 1983 claims that Mr. Borden seeks to pursue based on his arrest or prosecution, and permit the claims of excessive force to proceed. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 5, 2024