IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLEEM ALBERT-WALKER BORDEN,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-3654** |
| : | |
| **WILLIAM GREEN**, *et al.*, : | |
| Defendants. : | |

## ORDER

AND NOW, this 5th day of January, 2024, upon consideration of Plaintiff Alleem Albert-Walker Borden's Motion To Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** as follows.

1. The Motion To Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.

2. Alleem Albert-Walker Borden, #22003141, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Warden of the George W. Hill Correctional Facility or other appropriate official shall assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Borden's inmate account; or (b) the average monthly balance in Mr. Borden's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Borden's

inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Borden's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court shall send a copy of this Order to the Warden of the George W. Hill Correctional Facility.

4. The Complaint is deemed filed.

5. The Complaint is **DISMISSED IN PART** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

   a. Mr. Borden's claims against the Upper Darby Township Police Department are **DISMISSED WITH PREJUDICE**, and the Clerk of Court shall terminate the Upper Darby Township Police Department as a Defendant;

   b. Mr. Borden's claim seeking release from prison and dismissal of the criminal charges against him are **DISMISSED WITHOUT PREJUDICE** to him proceeding on a petition for a writ of *habeas corpus* (which would be a separate proceeding);

   c. Mr. Borden's malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**, and Mr. Borden may reassert this claim in a new civil

action in the event the pending criminal charges ultimately terminate in his favor.

6. Any other claim that Mr. Borden seeks to pursue under 42 U.S.C. § 1983, except for his excessive force claims against Defendants William Green and Phillip M. Lydon, are **STAYED** pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), until Mr. Borden informs the Court that his state court criminal case, *Commonwealth v. Borden*, CP-23-CR-2675-2022 (C.P. Delaware), has been resolved. Following resolution of his criminal case, Mr. Borden may file a motion to reassert those claims, if he has a good faith basis to do so.

7. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against Defendants William Green and Phillip M. Lydon.

8. In anticipation of service by the U.S. Marshal Service, the Clerk of Court shall send a copy of this Order to Mr. Borden together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for Defendants William Green and Phillip M. Lydon. The Clerk of Court shall note the mailing on the docket.

9. To proceed with service, on or before January 26, 2024, Mr. Borden must complete a separate USM-285 Form for William Green and for Phillip M. Lydon and

return the completed forms to the Clerk's Office.  The U.S. Marshal Service cannot effectuate service until Mr. Borden completes and returns these forms.

10. In completing the USM-285 Forms, only one Defendant's name should appear on each USM-285 Form. Mr. Borden shall not complete a USM-285 Form for any individual or entity other than Mr. Green or Mr. Lydon. In addition, Mr. Borden should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number. Mr. Borden must provide each Defendant's complete address at a location where that Defendant can be served.  The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.  It is Mr. Borden's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Borden's claims against any such Defendant.

11. I caution Mr. Borden that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

12. The Clerk of Court shall docket any USM-285 Forms that Mr. Borden returns in this case.

13. The Clerk of Court shall not issue summonses at this time.  The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**